IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | **Crim. No. 1:19-cr-098** |
| | **:** | |
| | **:** | |
| **v.** | **:** | |
| | **:** | |
| | **:** | |
| **JENSEY ALEXANDER CURET** | **:** | **Judge Sylvia H. Rambo** |

## M E M O R A N D U M

Before the court is Defendant Jensey Curet's motion to dismiss the indictment because more than seventy days of non-excludable time have elapsed since his initial appearance in federal court without a trial having occurred. (Doc. 25.) The government has responded to the motion and agrees that the indictment must be dismissed but argues that dismissal should be without prejudice. For the reasons set forth below, the court will grant the motion in part and dismiss the indictment without prejudice to its refiling.

## I.   __Background__

On March 27, 2019, a grand jury returned a two-count indictment charging Curet with Hobbs Act robbery, in violation of 18 U.S.C. § 1951, and possession of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). (Doc. 1.) Curet appeared before Magistrate Judge Martin C. Carlson on June 14, 2019, and entered of plea of not guilty to the charges. (Doc. 12.) The government

moved for pre-trial detention, and following a hearing held on June 18, 2019, Magistrate Judge Carlson ordered Curet detained. (Docs. 8 & 17.)

On June 14, 2019, the court entered a scheduling order setting jury selection and trial for August 5, 2019. (Doc. 13.) Trial did not take place as scheduled.

Subsequently, because of the public-health crisis caused by the COVID-19 pandemic, on March 13, 2020, then-Chief Judge Conner issued Standing Order 20-01, which among other things continued all criminal proceedings for a period of 60 days. Standing Order 20-01. On March 18, 2020, that Standing Order was supplemented to make clear that all time between March 16, 2020, and April 30, 2020, would be "excluded time" under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), upon an express finding that the ends of justice outweighed the interest of the public and the parties in a speedy trial. Standing Order 20-01a (supp.).

Because of the ongoing public-health challenges presented by the COVID-19 pandemic, the District Court subsequently issued additional Standing Orders that adopted and continued the findings and directives of Standing Order 20-01, as supplemented by Standing Order 20-01a (supp.). *See* Standing Orders 20-10, 20-16, 20-21, and 20-21a. Collectively, these Standing Orders suspended all criminal and civil jury trials in the Middle District of Pennsylvania through August 17, 2020. In addition, these Standing Orders declared that the period of time covered during the cessation of jury trials would be designated as "excluded time" for purposes of the

Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), based upon the Court's express finding that ends of justice served by suspending jury trials during a public-health crisis materially outweighed the interests of the parties and the public in a speedy trial.

In addition to the foregoing Standing Orders, this Court entered an Order on July 7, 2020, continuing jury selection and trial in this case until September 8, 2020. (Doc. 24.) In that Order, the Court specifically found that "the ends of justice served by granting this extension and continuance outweigh the interests of the public and the defendant to a speedy trial." *Id.*

On August 6, 2020, Chief Judge Jones entered Standing Order 20-22, which announced the resumption of jury trials within the Middle District of Pennsylvania, subject to certain specified restrictions and protocols that would be implemented to mitigate public-health risks. In particular, this Standing Order provided that only one jury trial would be allowed to proceed at any given time in each of the Court's vicinages. *Id.*

On September 4, 2020, Curet filed the pending motion to dismiss the indictment, arguing that because more than seventy days elapsed between his initial appearance and the Standing Order that then-Chief Judge Conner issued on March 13, 2020, the indictment should be dismissed. Also on September 4, 2020, the defendant filed an unopposed motion to continue jury selection and trial. (Doc. 27.) The Court granted that motion on September 8, 2020, and continued jury selection

3

and trial until December 7, 2020. (Doc. 28.) As it did previously, the Court again found pursuant to 18 U.S.C. § 3161(h)(7)(A) that

> the ends of justice served by granting this extension and continuance outweigh the interests of the public and the defendant to a speedy trial. The Clerk of Court shall exclude the appropriate time in the captioned action pursuant to the Speedy Trial Act and this order.

(*Id.*)

The government filed a response to the motion to dismiss on September 18, 2020. (Doc. 30.) In its response, the government conceded that the indictment must be dismissed under the Speedy Trial Act because more than 70 days elapsed after Curet's initial appearance without him being brought to trial. However, the government argues that the motion should be dismissed without prejudice. Accordingly, the motion is now ripe for resolution.

## II. <u>Discussion</u>

### a.   **Speedy Trial Act Violation**

The Speedy Trial Act provides in relevant part:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial office of the court in which such a charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1). The Act enumerates a series of "excludable delays" which may extend the time period beyond the initial seventy days. *See id.* at § 3161(h).

Nonetheless, "[i]f a defendant is not brought to trial within the time limit required by section 3161(c) as extended by section 3161(h), the information or indictment shall be dismissed on motion of the defendant." *Id.* at § 3162(a)(2).

It is apparent in this case that a period exceeding seventy days elapsed between Curet's initial appearance on June 14, 2019 and then-Chief Judge Conner's issuance of Standing Order 20-01 on March 13, 2020. It is therefore not necessary for the court to go through a detailed review of the case and the various standing orders to determine the exact number of non-excludable days that have passed since Curet was indicted. This 274-day period is, by itself, enough to constitute a violation of the Act.[1]

The Speedy Trial Act "admits no ambiguity in its requirement that when such a violation has been demonstrated, 'the information or indictment shall be dismissed on motion of the defendant.'" *United States v. Taylor*, 487 U.S. 326, 332 (1988) (quoting 18 U.S.C. § 3162(a)(2)); *see also United States v. Stevenson*, 832 F.3d 412, 419 (3d Cir. 2006) ("If a defendant is not brought to trial within the requisite time, the Speedy Trial Act mandates dismissal of the indictment upon the defendant's

---

[1] Curet calculates that 448 days passed between his initial appearance and his filing the motion to dismiss. (Doc. 25, p. 5.) However, between March 13, 2020, when then-Chief Judge Conner filed Standing Order 20-01, and August 17, 2020, no criminal or civil trials were permitted to take place in the Middle District of Pennsylvania due to COVID-19. The Standing Orders continuing all criminal trials expressly excluded for Speedy Trial Act purposes all time during which those orders were in effect. Thus, this court will only consider the 274 days that elapsed between Curet's initial appearance and March 13, 2020, and will not include in its analysis the time during which all trials were suspended as the Middle District endeavored to manage a public health crisis.

motion."). Because Curet has submitted such a motion, the court is obligated to dismiss the indictment.

### b.    Dismissal Without Prejudice

The only remaining question is whether the indictment should be dismissed with or without prejudice to the government's right to re-charge the defendant. *See* 18 U.S.C. § 3162(a)(2). The Speedy Trial Act provides the following guidance:

> In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of reprosecution on the administration of this chapter and on the administration of justice.

18 U.S.C. § 3162(a)(2). The Supreme Court has instructed that the "district court must carefully consider th[ese] factors as applied to the particular case and, whatever its decision, clearly articulate their effect in order to permit meaningful appellate review." *Taylor*, 487 U.S. at 336.

Upon careful consideration of these factors, the court believes that dismissal without prejudice is warranted.

As Curet acknowledges, the charges against him—Hobbs Act robbery and possession of a firearm during and in relation to a crime of violence—are undoubtably serious. It is alleged that, while negotiating the sale of an ounce of marijuana from a drug trafficker in York, Pennsylvania, Curet produced a semi-automatic handgun, racked the slide, placed the gun against the dealer's leg, and

took the drugs.  If convicted, Curet could face up to twenty years imprisonment for Hobbs Act robbery and up to life imprisonment for the firearm offense. Accordingly, the first factor weighs in favor of dismissal without prejudice.

The second factor also weighs in favor of dismissal without prejudice. While the government admittedly neglected its duties by failing to bring this case to trial or obtain continuances during the statutorily proscribed period, the facts and circumstances of this case indicate that the delay was nothing more than an administrative oversight. Curet suggests that the government engaged in a pattern of neglect, delay or intentionally dilatory conduct with respect to this case, but there is no actual evidence that the government acted willfully or in bad faith. *See Stevenson*, 832 F.3d at 420 (affirming district court's order dismissing case without prejudice in part because "there was no evidence that the Government had acted in bad faith or to gain some tactical advantage."). Likewise, Curet has not shown that there has been a pattern of neglect. *See Taylor*, 487 U.S. at 339 (distinguishing between a "truly neglectful attitude" and "isolated unwitting violation[s]"); *Stevenson*, 832 F.3d at 420 ("Nor was there reason to believe that the Government had engaged in a 'pattern of neglect.'").

Third, a reprosecution of this case would have little to no negative impact on the administration of the Speedy Trial Act or the administration of justice. In assessing this factor, courts look at "'whether the defendant suffered actual prejudice

as a result of the delay and whether the government engaged in prosecutorial misconduct that must be deterred to ensure compliance with the Act.'" *Stevenson*, 832 F.3d at 422 (quoting *United States v. Howard*, 218 F.3d 556, 562 (6th Cir. 2000)). The defendant has the burden to demonstrate specific prejudice stemming from the delay. *Id.* Here, there is no evidence that Curet suffered actual prejudice or that the government engaged in prosecutorial misconduct. The only prejudice Curet has identified relates to his ongoing pre-trial detention, which he claims has prevented him from supporting his siblings and raising his daughter. (Doc. 25, pp. 10-11.) Certainly, pre-trial detention impacts these obligations as well as Curet's liberty interest, but such is true for any similarly situated defendant who has been ordered detained pending trial. Curet has not shown that the delay in his trial impaired his ability to prepare an effective defense to the charges or resulted in any other trial-related prejudice. The absence of such trial prejudice further counsels in favor of dismissal of this case without prejudice. *See Taylor*, 487 U.S. at 341.

Therefore, because each of the 3162(a)(2) factors weighs in favor of dismissing the indictment without prejudice, and because the court sees no other reason outside the statutorily enumerated factors to warrant dismissal with prejudice, the indictment will be dismissed without prejudice.

## III.   **Conclusion**

For the foregoing reasons, Curet's motion to dismiss the indictment will be granted in part insofar as the indictment will be dismissed without prejudice. A separate order follows.

s/Sylvia H. Rambo
Sylvia H. Rambo
United States District Judge

Dated: October 27, 2020